# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 7, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| DIEGO ANTONIO OSORNO GOMEZ, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 24-47V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On January 12, 2024, Diego Antonio Osorno Gomez ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that he suffered from Bell's palsy following the administration of an influenza ("flu") vaccination and on October 8, 2022. Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On April 4, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on his case. Petitioner's Motion for Interim Attorney's Fees and Costs ("Pet. Mot."), filed Apr. 4, 2025 (ECF No. 36). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $21,263.40.
**Attorneys' Costs** – $869.44

Petitioner thus requests a total of $22,132.84. Respondent filed his response on April 4, 2025, stating that he "defers to the Special Master as to whether [P]etitioner has established a reasonable basis for this claim" and "defers to the Special Master as to whether [P]etitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 4, 2025, at 2-3 (ECF No. 37). Petitioner filed a reply on April 7, 2025, maintaining he has met his burden of establishing reasonable basis and fees and costs incurred thus far are reasonable and should be reimbursed. Pet. Reply to Resp. Response, filed Apr. 7, 2025, at 4-6 (ECF No. 39).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards $22,132.84 in attorneys' fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. The undersigned finds that an award of interim attorneys' fees and costs is appropriate here where Petitioner's current counsel plans to withdraw from this case and a new attorney plans to represent Petitioner.

### A. Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed.

2

Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Jessica Wallace, $275.00 per hour for work performed in 2022, $285.00 per hour for work performed in 2023, and $300.00 per hour for work performed in 2024; and for Ms. Alison Haskins, $510.00 per hour for work performed in 2024 and $525.00 per hour for work performed in 2025.  Petitioner also requests $174.00 to $195.00 per hour for work performed by his counsel's paralegals from 2022 to 2025.

The undersigned finds that the requested rates for 2022-2024 are reasonable and in accordance with what has previously been awarded for counsel's Vaccine Program work.  Thus, the undersigned will award the 2022-2024 rates requested.  Petitioner requests a rate of $525.00 per hour for work performed in 2025 by Ms. Haskins as well as a rate of $195.00 per hour for work performed in 2025 by paralegals.  These rates are in accordance with the OSM Attorneys' Forum Hourly Rate Fee Schedule.[3]  The undersigned finds these 2025 rates reasonable and will award them in full.[4]

---

[3] These rates can be found at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] The undersigned does not make a finding as to Ms. Wallace's 2025 rate as she did not bill for work performed in 2025.

3

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.[5]  The billing entries accurately reflect the nature of the work performed.  Also, Respondent did not indicate that he finds any of the entries to be objectionable. Petitioner's counsel is therefore awarded attorneys' fees in full.

### B.     Attorneys' Costs

Petitioner requests costs of $869.44 consisting of the filing fee and obtaining medical records.  These costs are well documented and will be award in full.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $21,263.40 |
| Reduction of Attorneys' Fees: | - $0.00 |
| Awarded Attorneys' Fees: | $21,263.40 |
| | |
| Requested Attorneys' Costs: | $869.44 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $869.44 |
| **Total Attorneys' Fees and Costs:** | **$22,132.84** |

**Accordingly, the undersigned awards the following:**

**Petitioner is awarded reasonable interim attorneys' fees and costs in the total amount of $22,132.84 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

---

[5] The undersigned warns counsel's paralegals against billing for preparing exhibits for filing as it is a non-compensable administrative task.  It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master
