# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 10, 2026

| | | |
|---|---|---|
| DIEGO ANTONIO OSORNO GOMEZ, | * | UNPUBLISHED |
| Petitioner, | * | No. 24-47V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |

Kirk Tripp Otto, Siri & Glimstad LLP, Richmond, VA, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On January 12, 2024, Diego Antonio Osorno Gomez ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered from Bell's palsy following the administration of an influenza ("flu") vaccination and on October 8, 2022. Petition at Preamble (ECF No. 1). On January 5, 2026, the undersigned issued a Decision Based on Stipulation. Decision Based on Stipulation dated Jan. 5, 2026 (ECF No. 62).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 2, 2026, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Case Costs ("Pet. Mot."), filed Mar. 2, 2026 (ECF No. 68). Petitioner requests compensation in the amount of $20,073.38, representing $11,788.18 in attorneys' fees and $8,285.20 in costs. Id. at 1-2. Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation. Id. at 2. Respondent filed his response on March 4, 2026, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Mar. 4, 2026, at 2 (ECF No. 69). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel at Rawls Law Group, P.C. and Siri & Glimstad, LLP: for Mr. Kirk Otto, $403.00 per hour for work performed in 2025 and $495.00 per hour for work performed in 2026; for Mr. John Beaulieu, $360.00 per hour for work performed in 2025; and for Mr. Glen Sturtevant, $469.00 per hour for work performed in 2025. Petitioner also requests rates between $195.00 and $227.00 for work of his counsel's paralegals and law clerks performed from 2025 to 2026.

The undersigned finds the rates are mostly consistent with what counsel have previously been awarded for their Vaccine Program work. Mr. Otto has been awarded $450.00 per hour for work performed in 2026, and thus, a reduction to Mr. Otto's requested 2026 rate is necessary. See Hughes v. Sec'y of Health & Hum. Servs., No. 22-1917V, 2026 WL 2111394 (Fed. Cl. Spec. Mstr. June 23, 2026). This results in a reduction of **$58.50**.[3] The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full. Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $20,014.88, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

[3] ($495.00 - $450.00) x 1.3 hours = $58.50.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master